GOVERNMENT EMPLOYEES INSURANCE COMPANY v. SUSAN HERNDON, INDIVIDUALLY AND AS ADMINISTRATOR/PERSONAL REPRESENTATIVE OF THE ESTATE OF MARIA ELIZABETH GUNTHER, DECEASED, AND WILLIAM F. HERNDON

No. 8518SC644

(Filed 18 February 1986)

Insurance § 69— two policies providing uninsured motorist coverage—other insurance clause—amount of recovery

    Uninsured motorist coverages contained in two policies issued to the same insured, each providing coverage in excess of the amount required by statute, could not be "stacked" or aggregated in light of "other insurance" clauses in each policy which limited the maximum coverage under all policies to a single limit of liability.

APPEAL by defendants from *Ross, Judge*. Judgment entered 11 January 1985 in GUILFORD County Superior Court. Heard in the Court of Appeals 2 December 1985.

Plaintiff, Government Employees Insurance Company (GEICO), commenced this action seeking a declaratory judgment as to the extent of its liability under insurance coverage issued to William F. Herndon. The pertinent facts are stipulated. On 17 July, 1983, Maria Elizabeth Gunther died as a result of injuries sustained in an automobile collision in Florida. At the time of the collision, Miss Gunther was a passenger in an automobile owned and driven by a friend, which was struck by an automobile driven by Michael Ecord and owned by Larry Ecord. The Ecord vehicle was an "uninsured motor vehicle" within the meaning of N.C. Gen. Stat. § 20-279.21(b)(3).

On the date of the accident, GEICO provided insurance coverage to William F. Herndon, Maria Gunther's stepfather,

under two policies of insurance: Policy No. 919-49-80, providing coverage for a 1980 Cadillac automobile; and Policy No. 919-49-80-1, providing coverage for a 1980 Plymouth automobile. Each policy provided uninsured motorist coverage in the amount of $100,000.00 for each person and $100,000.00 for each accident; a separate premium of $4.00 was paid for the uninsured motorist coverage of each policy. Maria Gunther was an insured within the terms of each policy. Each of the policies contained the following provision:

OTHER INSURANCE

If this policy and any other auto insurance policy issued to you apply to the same accident, the maximum limit of liability for your injuries under all the policies shall not exceed the highest applicable limit of liability under any one policy.

The trial court concluded that the uninsured motorist coverage provided by each of the policies complied with, and was in excess of, the requirements of the North Carolina Motor Vehicle Safety and Financial Responsibility Act and that under the terms of the policies, the maximum limit of GEICO's liability with respect to Maria Gunther's death is $100,000.00. Defendants appeal.

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and William Sam Byassee, for plaintiff appellee.*

*Mike Krasny and Chester E. Whittle, Jr., for defendant appellants.*

MARTIN, Judge.

The sole issue on appeal is whether uninsured motorist coverages contained in two policies issued to the same insured, each providing coverage in excess of the amount required by statute, may be "stacked" or aggregated despite the existence of "other insurance" clauses in each policy that limit the maximum coverage under all policies to a single limit of liability. We hold that because of the coverages provided and the language of the policies, the coverages may not be "stacked."

Uninsured motorist liability insurance coverage is compulsory in North Carolina. N.C. Gen. Stat. § 20-279.21(b)(3). Coverage is required in the minimum amount of $25,000.00 for

bodily injury to or death of one person in any one accident, with higher limits applicable to accidents resulting in injury to or death of more than one person. N.C. Gen. Stat. § 20-279.21(b)(3). To the extent required by the statute, this coverage is written into every motor vehicle liability insurance policy issued in North Carolina, and when the terms of the policy conflict with the provisions of the statute, the statute controls. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E. 2d 597 (1977).

With respect to "stacking" or aggregating coverages under North Carolina's compulsory uninsured motorist coverage requirement, our Supreme Court has held that "other insurance" clauses contained in the policy, which are contrary to the minimum coverage mandated by the statute, are not permitted. *Moore v. Hartford Fire Ins. Co.*, 270 N.C. 532, 155 S.E. 2d 128 (1967). Therefore, in *Moore*, the plaintiff was not limited to recovery under the statutory minimum coverage of one policy where the loss was greater than the minimum coverage and the decedent was insured under another policy issued pursuant to N.C. Gen. Stat. § 20-279.21(b)(3). Thus, "stacking" may occur where coverage is provided by two or more policies, each providing the mandatory minimum coverage.

However, to the extent the coverage provided by motor vehicle liability insurance policies exceeds the mandatory minimum coverage required by the statute, the additional coverage is voluntary, and is governed by the terms of the insurance contract. *Nationwide Mut. Ins. Co. v. Aetna Life and Cas. Co.*, 283 N.C. 87, 194 S.E. 2d 834 (1973). N.C. Gen. Stat. § 20-279.21(g) provides:

Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Article. With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

In the present case, each of the GEICO policies issued to William Herndon provided uninsured motorist coverage in the

amount of $100,000.00. To the extent that the coverage exceeds the $25,000.00 limits required by N.C. Gen. Stat. § 20-279.5, the provisions of the policies, including those relating to aggregating coverages, are controlling. In the absence of any ambiguity in the language used in the policies, the court must apply the plain meaning thereof and enforce the policies as written. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970). No ambiguity "exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to" differing interpretations by the parties. *Id.* at 354, 172 S.E. 2d at 522.

There is no ambiguity in the language used in GEICO's policies. Recovery under both policies is clearly limited to "the highest applicable limit of liability under any one policy." Since the highest limit of liability under either of the policies exceeds the aggregate amount of statutorily required uninsured motorist coverage provided by both policies, neither the Financial Responsibility Act nor the holding in *Moore* applies. Defendants are not entitled to "stack" the $100,000.00 uninsured motorist coverages. The judgment appealed from is

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.