NATIONWIDE MUTUAL INSURANCE COMPANY AND CHW CORPORATION, PLAINTIFFS v. MATTHEW SCOTT MASSEY AND MICHAEL MASSEY AND GRACE B. LASSITER, ADMINISTRATRIX OF THE ESTATE OF ISAIAH MALLIE LASSITER, AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANTS v. NATIONWIDE MUTUAL INSURANCE COMPANY AND CHW CORPORATION AND NORTHERN ASSURANCE COMPANY OF AMERICA, THIRD-PARTY DEFENDANTS

No. 8615SC114

(Filed 5 August 1986)

### Insurance § 69— automobile accident—two insurers

In an action arising from an automobile insurance policy in which the deceased was covered by the North Carolina Farm Bureau Mutual Insurance Company for bodily injuries for $100,000 and the driver at fault was covered by Nationwide for $60,000, the trial court erred by entering summary judgment for the administratrix of the estate for the full $100,000 under the Farm Bureau policy in addition to the amount owed by Nationwide. The Farm Bureau policy required that coverage be limited by reducing the amount payable by all sums paid by or for anyone who was legally responsible.

APPEAL by defendant North Carolina Farm Bureau Mutual Insurance Company from *Bowen (Wiley F.), Judge; Preston, Judge* and *Battle, Judge.* Judgments entered 2 May 1985, 29 August 1985, and 28 October 1985 in Superior Court, ORANGE County. Heard in the Court of Appeals 5 June 1986.

The administratrix of the estate of Isaiah Mallie Lassiter obtained a judgment of $240,000.00 against Matthew Scott Massey in a wrongful death action arising from an automobile accident which occurred on 6 March 1982. At the time of the accident, Massey was driving a van owned by CHW Corporation and insured by Nationwide Mutual Insurance Company (Nationwide). The Nationwide policy provided automobile liability coverage of $60,000.00. The decedent Isaiah Mallie Lassiter had an automobile policy with North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) which provided coverage for his bodily injuries. The stated limit of the Farm Bureau policy was $100,000.00.

As the result of a declaratory judgment action filed by Nationwide and CHW Corporation, the trial court found Nationwide liable to the administratrix for the full $60,000.00 of its policy limits.

In a cross-claim against Farm Bureau pursuant to the declaratory judgment action, the administratrix sought payment of the full $100,000.00 under the decedent's Farm Bureau policy. Upon summary judgment motions by both parties, the trial court held that Farm Bureau was liable to the estate in the amount of its policy limits ($100,000.00) in addition to the amount owed by Nationwide, and thus granted summary judgment in favor of the administratrix. From the judgments of the trial court, defendant Farm Bureau appeals.

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by Michael W. Patrick, for appellant.*

*Pulley, Watson, King & Hofler, by R. Hayes Hofler, III, for appellee.*

ARNOLD, Judge.

Farm Bureau contends that the trial court erred in granting summary judgment for the administratrix and in denying its motion for summary judgment. Specifically, Farm Bureau contends that the trial court's interpretation was contrary to both the language of the policy and the applicable North Carolina case law. We agree.

The decedent's Farm Bureau policy provided coverage for bodily injury resulting from an accident caused by the owner or driver of a vehicle "[f]or which the sum of all bodily injury liability . . . policies at the time of an accident provides at least the amounts required [by statute] but their limits are less than the limits of this insurance. . . ." The endorsement which provided this coverage also required that "[a]ny amount payable under this insurance shall be reduced by . . . [a]ll sums paid by or for anyone who is legally responsible, including all sums paid under the policy's LIABILITY INSURANCE." Thus, under the provisions of the Farm Bureau policy, the $60,000.00 paid by Nationwide should be deducted from the $100,000.00 Farm Bureau policy limit, leaving Farm Bureau liable for $40,000.00 under its policy.

The confusion in this case arises because the endorsement which provides the cited coverage is entitled "UNINSURED MOTORISTS INSURANCE." The policy's definition of "uninsured motor vehicle" includes the above cited language providing coverage for

bodily injury. This language tracks the statutory definition of "underinsured" motorist coverage. *See* G.S. 20-279.21 (1981). Yet, no matter how the insurance coverage is denominated, the policy requires that the coverage is to be limited by reducing the amount payable by all sums paid by or for anyone who is legally responsible. To the extent coverage provided by motor vehicle liability insurance policies exceeds the mandatory minimum coverage required by statute, the additional coverage is voluntary, and is governed by the terms of the insurance contract. *Government Employees Insurance Co. v. Herndon*, 79 N.C. App. 365, 339 S.E. 2d 472 (1986). The Farm Bureau coverage does exceed the statutory minimum. *See* G.S. 20-279.21 (1981). We therefore find that the trial court's conclusion that Farm Bureau was liable for $100,000.00 in addition to the amount owed by Nationwide, and the court's entry of summary judgment for the administratrix, were in error.

The judgments of the trial court are reversed, and the cause is remanded to the Superior Court of Orange County for entry of judgment awarding the administratrix $40,000.00 pursuant to the Farm Bureau policy.

Reversed and remanded.

Judges WELLS and BECTON concur.