HARLEYSVILLE INSURANCE COMPANY v. WILLIAM POOLE AND BARBARA POOLE

No. 9118SC652

(Filed 4 August 1992)

**Insurance § 514 (NCI4th)— uninsured motorist insurance— intrapolicy stacking prohibited by policy**

Intrapolicy stacking of uninsured motorist coverages is not required by N.C.G.S. § 20-279.21(b)(3). Therefore, intrapolicy stacking of uninsured motorist coverages on two automobiles covered by insureds' policy was controlled by the language of the insurance policy and was prohibited where the policy provided that liability was limited to $50,000 per person and $100,000 per accident "regardless of the number of . . . [v]ehicles or premiums shown in the Declarations."

**Am Jur 2d, Automobile Insurance § 326.**

**Combining or "stacking" uninsured motorist coverages provided in single policy applicable to different vehicles of individual insured. 23 ALR4th 12.**

APPEAL by plaintiff from judgment entered 26 April 1991 in GUILFORD County Superior Court by *Judge Howard R. Greeson, Jr.* Heard in the Court of Appeals 15 April 1992.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and Douglas E. Wright, for plaintiff-appellant.*

*Bretzmann, Bruner & Aldridge, by Raymond A. Bretzmann, for defendant-appellants.*

GREENE, Judge.

Harleysville Insurance Company (Insurance Company) appeals from the entry of summary judgment for William Poole and Barbara Poole.

On 22 February 1990, Insurance Company issued to William and Barbara Poole (Insureds) a personal automobile policy. The policy of insurance insured two vehicles, a 1986 Ford and a 1981 Chevrolet, and on the Declaration page of the policy provided uninsured (UM) and underinsured (UIM) coverage of $50,000 for each person and $100,000 for each accident. There was a $32.00 premium charged for the UM/UIM coverage, or $16.00 for each vehicle. The policy of insurance contained in the UM/UIM section of the policy included the following "Limit of Liability" provision:

> The limit of bodily injury liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident.
>
> Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability or all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:
>
> 1. **Insureds**;
>
> 2. Claims made;
>
> 3. Vehicles or premiums shown in the Declarations; or
>
> 4. Vehicles involved in the accident.

On 21 June 1990, while the above policy was in effect, Barbara Poole was operating the 1986 Ford automobile which was occupied by William Poole. The Ford was involved in an accident with a vehicle operated by Donna K. English. Insureds contend that the accident was the fault of Donna English and that her vehicle was

uninsured as defined by N.C.G.S. § 20-279.21(b)(3). Insureds filed a claim with Insurance Company for injuries they sustained in the accident, claiming that they were entitled to "stack" the uninsured coverage for a total limit of liability in the amount of $100,000 per person and $200,000 per accident.

Insurance Company filed a complaint seeking a declaratory judgment that "stacking" of the uninsured coverages was not required by statute and in fact prohibited by the language of the policy. Both parties moved for summary judgment and the trial court granted summary judgment for Insureds ordering that "the policy of insurance . . . affords [Insureds] uninsured motorist coverage in the amount of One Hundred Thousand Dollars ($100,000)."

---

The issues presented are whether (I) the statutes in North Carolina require intrapolicy "stacking" of uninsured coverage; and (II) if not, whether the policy of insurance permitted such stacking.

I

N.C.G.S. § 20-279.21(b)(3), the North Carolina statute governing uninsured motorists insurance, is silent on the issue of stacking, either interpolicy or intrapolicy. *See* N.C.G.S. § 20-279.21(b)(3) (1991). Furthermore, the stacking language of N.C.G.S. § 20-279.21(b)(4) is not incorporated into N.C.G.S. § 20-279.21(b)(3). *See id.* Our courts have construed N.C.G.S. § 20-279.21(b)(3) as requiring interpolicy stacking "where [uninsured] coverage is provided by two or more policies, each providing the mandatory minimum coverage." *Government Employees Ins. Co. v. Herndon*, 79 N.C. App. 365, 367, 339 S.E.2d 472, 473 (1986); *Moore v. Hartford Fire Ins. Co. Group*, 270 N.C. 532, 543, 155 S.E.2d 128, 136 (1967). To the extent the coverage provided by multiple liability policies "exceeds the mandatory minimum coverage required by the statute," stacking is governed by the insurance contract. *Government*, 79 N.C. App. at 367, 339 S.E.2d at 473. In *Hamilton v. Travelers Indem. Co.*, 77 N.C. App. 318, 324, 335 S.E.2d 228, 232 (1985), this Court held that intrapolicy stacking is not required by N.C.G.S. § 20-279.21(b)(3) and is therefore controlled by unambiguous policy language.

Insureds argue that *Hamilton* "was incorrectly decided and was implicitly overruled" by *Sutton v. Aetna Insurance*, 325 N.C. 259, 382 S.E.2d 759 (1989). We disagree. *Sutton* held that N.C.G.S. § 20-279.21(b)(4) entitled Sherry S. Sutton, a named insured, to

stack underinsured motorist coverages, both interpolicy and intrapolicy, and that policy language to the contrary was invalid. *Id.* at 265, 382 S.E.2d at 763. *Sutton* did not explicitly or implicitly overrule either *Moore, Government,* or *Hamilton.* Furthermore, we read the holding in *Sutton* as applicable only to underinsured coverages. We do not read *Sutton* as holding that N.C.G.S. § 20-279.21(b)(3) requires the stacking of uninsured motorist coverages. Accordingly, *Hamilton* remains valid law binding on this Court, and intrapolicy stacking of uninsured motorist coverage is controlled by the language of the policy of insurance.

## II

The policy of insurance issued to Insureds is unambiguous stating that the limit of liability is that reflected on the Declarations page "regardless of the number of . . . [v]ehicles or premiums shown in the Declarations." The limits of liability shown on the Declarations page is $50,000 for each person and $100,000 for each accident. Accordingly, the order of the trial court must be reversed and remanded for entry of summary judgment for Insurance Company.

Reversed and remanded.

Judges PARKER and COZORT concur.