**HOOVER v. STATE FARM MUT. INS. CO.**

[156 N.C. App. 418 (2003)]

LLOYD L. HOOVER, JR. AND JOAN HOOVER, PLAINTIFFS v. STATE FARM MUTUAL INSURANCE COMPANY, DEFENDANT/THIRD PARTY PLAINTIFF v. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, THIRD PARTY DEFENDANT

No. COA02-435

(Filed 4 March 2003)

### Insurance— motor vehicles—uninsured motorist coverage—anti-stacking provision

The provision of N.C.G.S. § 20-279.21(b)(3) that prohibits an "owner" from stacking uninsured motorist (UM) coverages prohibits an insured who was a joint owner of an automobile covered by each owner's UM policy from stacking UM coverage with that of his co-owner.

Appeal by plaintiffs from judgment entered 7 January 2002 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 January 2003.

*Chandler Workman & Hart, by W. James Chandler and W. Michael Workman, for plaintiffs.*

*Broughton, Wilkins, Sugg, Hall & Thompson, P.L.L.C., by Jonathan E. Hall for defendant/third party plaintiff.*

*Cranfill, Sumner & Hartzog, L.L.P., by Robert H. Griffin, for third party defendant.*

LEVINSON, Judge.

In 1993, plaintiff Lloyd Hoover's employer ("Employer") leased a vehicle with financing through First Union Bank. In 1998, that lease expired, and on 23 September 1998, First Union Bank executed a bill of sale and assignment of title for the vehicle jointly to Employer and plaintiff Lloyd Hoover.

On 3 February 1999, while driving the jointly owned vehicle, plaintiff Lloyd Hoover was involved in a motor vehicle accident caused by the negligence of an uninsured motorist. As a result he sustained personal injury damages in excess of $1,250,000.

Prior to the date of the accident, Employer obtained an insurance policy from defendant Selective Insurance Company ("Selective") that provided $1,000,000 in uninsured motorist ("UM") coverage, and

plaintiffs purchased an insurance policy from defendant State Farm that provided $250,000 in UM coverage.

Plaintiffs then filed this action requesting a declaratory judgment allowing them to aggregate or "stack" their claims for coverage against both insurers. Upon motion by plaintiffs and following a hearing, the trial court entered summary judgment for defendants concluding, "N.C. Gen. Stat. §20-279.21(b)(3) prohibits interpolicy stacking of uninsured motorist insurance coverage."

Total compensation for UM coverage was capped at $1,000,000 by the trial court because both policies provided that in the event more than one policy applied to a claim, a claimant could only recover the highest amount allowed by any one of the applicable policies. Here, the highest amount recoverable under either of the applicable policies was $1,000,000. Additionally, the trial court found that both UM policies were primary and provided for a *pro rata* sharing of liability for UM benefits. Thus, Selective was liable to plaintiffs for $800,000 and State Farm was liable for $200,000.

Plaintiffs now appeal contending the trial court erred in not allowing them to stack the Selective and State Farm UM coverage. They allege: (1) the UM anti-stacking provision is inapplicable to the present circumstances, (2) the applicable UM statute nullifies the insurance provisions that capped his recovery at $1,000,000, and (3) both applicable insurance provisions are void because they are ambiguous. *See* N.C.G.S. § 20-279.21(b)(3) (2001). Defendants argue G.S. § 20-279.21(b)(3) specifically bars plaintiffs from stacking the UM benefits, and as we find this dispositive, we address only this issue.

N.C.G.S. § 20-279 governs UM coverage and was amended in 1991 to provide:

> Where coverage is provided on more than one vehicle insured on the same policy or *where the owner or the named insured has more than one policy with coverage under this subdivision,* there shall not be permitted any combination of coverage within a policy or where more than one policy may apply to determine the total amount of coverage available.

N.C.G.S. § 20-279.21(b)(3) (emphasis added). While obviously the present case involves more than one policy, at issue is whether the "owner . . . has more than one policy with coverage." Plaintiff argues the "owner" is the UM policy owner. Under this interpretation,

because each of the policies are held individually, the Selective policy by Employer and the State Farm policy by plaintiff, this case would not involve an "owner" with "more than one policy," and the anti-stacking provision would not apply. Conversely, defendants claim "owner" refers to the owner of the motor vehicle, and thus, as both plaintiffs and Employer were owners of the motor vehicle here, the provision applies and bars plaintiffs from stacking.

Although "owner" is not defined within the provision relating to UM coverage, N.C.G.S. § 20-4.01 (2001) provides, "[u]nless the context requires otherwise, the following definitions apply throughout this Chapter to the defined words and phrases and their cognates: (26) Owner.—A person holding title to a vehicle. . . ." We are unpersuaded the context of G.S. § 20-279.21(b)(3) requires "owner" to mean anything other than the owner of a motor vehicle.

Plaintiffs complain defendants would receive an "undeserved windfall" if they were not required to pay the full amount delineated by each UM policy. However, this argument is unpersuasive as it applies equally to plaintiffs. They would receive an additional $1,000,000 in coverage for which they have paid no premiums were stacking permitted. Even applying the anti-stacking provision, plaintiffs receive $750,000 more in coverage than they bargained for when obtaining their own insurance through State Farm.

Moreover, our reasoning demonstrates the intended meaning of the statute. It is undisputed that interpolicy stacking by a single individual holding multiple policies is prohibited by the same provision at issue. *See* G.S. § 20-279.21(b)(3). It is illogical that an individual who has purchased multiple UM policies and who pays multiple insurance premiums for those policies would not be allowed to stack coverage from those policies but that an individual who has only one UM policy and is injured while driving another's vehicle for which the individual may have third party UM coverage could stack coverage.

Additionally, plaintiffs argue that even if "owner" refers to a vehicle owner the provision nonetheless is inapplicable here because plaintiff Lloyd Hoover is not the owner who "has" the Selective policy. However, a full reading of the provision reveals the owner need not own more than one policy but only be an owner who has coverage under more than one of the owners' policies. G.S. § 20-279.21(b)(3). Here, plaintiff Lloyd Hoover was a joint owner of the vehicle and was covered under the State Farm policy, and Employer, owner of the Selective policy under which plaintiff Lloyd

Hoover was covered, was also a joint owner of the vehicle. Therefore, G.S. § 20-279.21(b)(3) must apply.

As we find the legislature unambiguously prohibited plaintiffs from stacking the Selective and State Farm policies, we need not address plaintiffs' remaining assignments of error.

Affirmed.

Judges TIMMONS-GOODSON and TYSON concur.