LAUREN McGLYNN, PLAINTIFF v. DUKE UNIVERSITY, DEFENDANT

No. COA03-1262

(Filed 6 July 2004)

**Compromise and Settlement— employment termination agreement—wages, not personal injuries—intent of payor**

Summary judgment was correctly granted for defendant on a breach of contract action arising from the settlement of claims concerning the termination of her employment. Although plaintiff claimed that FICA taxes should not be deducted because the settlement was for personal injuries and not for wages, the settlement agreement is silent about the purpose for which the payment was made and the intent of the payor is therefore the most important factor. Defendant's intent from the beginning was that any payment was purely in settlement of the employment relationship, plaintiff made no demand for medical expenses or mention of personal injury and sought only back pay, and the settlement was calculated based on plaintiff's salary.

Appeal by plaintiff from order entered 25 April 2003 by Judge Kenneth Titus in Orange County Superior Court. Heard in the Court of Appeals 9 June 2004.

*Barry Nakell, for plaintiff-appellant.*

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Robert A. Sar and C. Matthew Keen, for defendant-appellee.*

McGLYNN v. DUKE UNIV.

[165 N.C. App. 250 (2004)]

TYSON, Judge.

Lauren McGlynn ("plaintiff") appeals from an order granting Duke University's ("defendant") motion for summary judgment. We affirm.

## I. Background

On 17 January 2002, defendant requested plaintiff to resign from her employment and to sign a severance agreement or, in the alternative, be discharged. Defendant's request arose from plaintiff's alleged work performance. Plaintiff rejected the severance offer, and defendant terminated plaintiff's employment.

On 27 February 2002, plaintiff submitted a Dispute Resolution Form pursuant to defendant's private dispute resolution process. Plaintiff alleged various reasons for her performance, including unfair work demands and unfair harassment from her supervisor. Plaintiff sought reinstatement to her previous position, "back pay," a transfer, and removal of derogatory remarks from her file. Plaintiff made no demand for medical expenses or personal injury.

On 3 April 2002, the grievance officer rejected plaintiff's grievance. Plaintiff appealed to another grievance officer. Plaintiff again demanded reinstatement with "back pay" and removal of derogatory remarks, but additionally requested to be placed on medical leave. On 8 June 2002, a grievance officer again rejected plaintiff's grievance and held her termination was "for cause." Throughout this process, defendant continually offered to settle plaintiff's claims and submitted various proposals to her. Plaintiff rejected all offers.

On 3 July 2002, plaintiff and defendant executed a "Full, Final and Complete Release and Discharge of All Claims, Convenient [sic] Not to Sue and Indemnity Agreement" ("settlement agreement"). Defendant agreed to reinstate plaintiff and place her on unpaid personal leave for a period not to exceed one year. Defendant also agreed to provide plaintiff with a lump sum payment, which amount was equivalent to six (6) months of her current salary as full settlement for any and all claims. Plaintiff agreed that she would not sue or bring any cause of action against defendant and that she had been paid all monies owed to her, including, but not limited to, wages and bonuses. Defendant agreed to delete a clause following the agreement to pay plaintiff a six month salary equivalent lump sum that stated, "less applicable federal taxes, deductions, and withholdings." Defendant claims this clause was deleted because "taxability of a pay-

ment did not depend on whether the parties state that taxes would be withheld." Plaintiff claims this clause was deleted to ensure that she did not have to reimburse unemployment benefits and that a fair sum would remain for her continuing recovery. Throughout all negotiations, plaintiff never requested compensation for medical bills or personal injury.

On 10 July 2002, defendant informed plaintiff that she could pick up her check where all other payroll checks were located. Plaintiff contended the lump sum payment was not a payroll check and not taxable according to the settlement agreement. Defendant informed her that she never asserted a claim for personal injury or medical expenses and, under federal law, the payment was not a personal injury settlement and was taxable. Plaintiff continued to assert the check was for settlement of claims and not a payroll check. Defendant tendered payment of the settlement amount, less a deduction for Federal Insurance Contributions Act ("FICA") and state and federal income taxes.

On 25 October 2002, plaintiff sued defendant for breach of contract. Both parties moved for summary judgment. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion. Plaintiff appeals.

## II.  Issue

The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant on plaintiff's breach of contract claim.

## III.  Standard of Review

Our standard to review the grant of a motion for summary judgment is whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 707-08, 582 S.E.2d 343, 345 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520, *reh'g denied*, 358 N.C. 381, 597 S.E.2d 129 (2004) citing *Willis v. Town of Beaufort*, 143 N.C. App. 106, 108, 544 S.E.2d 600, 603, *disc. rev. denied*, 354 N.C. 371, 555 S.E.2d 280 (2001)); *see also* N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff can-

not produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense."

*Draughon*, 158 N.C. App. at 708, 582 S.E.2d at 345 (quoting *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. rev. denied*, 340 N.C. 359, 458 S.E.2d 187 (1995)).

" 'Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.' " *Draughon*, 158 N.C. App. at 708, 582 S.E.2d at 345 (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000)).

## IV. Breach of Contract

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment as the evidence showed that the settlement agreement was for personal injuries and not for wages, making deductions for FICA taxes inapplicable. We disagree.

FICA is codified at 26 U.S.C. § 3101 and sets out the regulations for the United States' social security system. Sections 3101(a) and (b) impose a 7.65 percent tax on wages received from employment that is to be matched by the employer. 26 U.S.C. § 3101(a)-(b) (2004). Section 3102 requires employers to collect the tax from the employee by deducting the amount from wages when paid. 26 U.S.C. § 3102 (2004). The term "wage" means all remuneration for employment unless specifically excepted by FICA. 26 C.F.R. 31.3121(a)-1(b) (2004). The designation of remuneration for employment, such as salary, fees, and bonuses, is immaterial. 26 C.F.R. 31.3121(a)-1(c) (2004). Remuneration continues to be considered wages even though the employer/employee relationship ended prior to the time of payment. 26 C.F.R. 31.3121(a)-1(i) (2004).

The Supreme Court of the United States emphasized the inclusive nature of the term "wages":

> The very words "any service . . . performed . . . for his employer," . . . import breadth of coverage. They admonish us against holding that "service" can be only productive activity. We think that "service" as used by Congress in this definitive phrase means not only work actually done but the entire employer-

employee relationship for which compensation is paid to the employee by the employer.

*Social Sec. Bd. v. Nierotko*, 327 U.S. 358, 365-66, 90 L. Ed. 718, 725 (1946).

"When a settlement agreement lacks express language stating what the settlement amount was paid to settle, *the most important factor for courts to consider is the intent of the payor.*" *Pipitone v. United States*, 180 F.3d 859, 864 (7th Cir. 1999) (emphasis supplied); *see also Haile v. Combined Ins. Co. of Am.*, 2000 U.S. Dist. LEXIS 19565 (W.D.N.C. 2000). "The withholding of taxes [by the payor] is a significant factor suggesting the employer intended a payment to constitute [wages]." *Pipitone*, 180 F.3d at 864. In *Haile*, the parties disputed the withholding of taxes from the monies paid pursuant to the settlement agreement. 2000 U.S. Dist. LEXIS 19565, 1-2. The Court, relying on *Pipitone*, held the payment was subject to taxes and that taxes were properly withheld. *Id.* The evidence showed the employer intended the settlement agreement to end plaintiff's employment claims against them and classified the payment as taxable wages. *Id.*

Here, plaintiff argues that the amounts paid under the settlement agreement were for personal injuries and medical expenses suffered on account of her supervisor's harassment. The settlement agreement is silent regarding the purpose for which the payment was made. Therefore, "the most important factor for courts to consider is the intent of the payor." *Pipitone*, 180 F.3d at 864.

Defendant's intent from the beginning of negotiations was that any payment was purely in settlement of the employment relationship between the parties and plaintiff's challenge to her termination. After being terminated, plaintiff initially sought reinstatement to her previous position, "back pay," a transfer, and removal of derogatory remarks from her file. Plaintiff made no demand for medical expenses or mention of personal injury.

After plaintiff's initial grievance was rejected, plaintiff appealed. Plaintiff again demanded reinstatement with "back pay" and removal of derogatory remarks. She additionally requested to be placed on medical leave. Again, plaintiff made no complaint of personal injuries or demand for medical expenses. The only monetary remedy ever sought by plaintiff was "back pay," not compensation for personal injuries or reimbursement of medical expenses. Plaintiff's claim of

McGLYNN v. DUKE UNIV.

[165 N.C. App. 250 (2004)]

harassment by her supervisor was merely an assertion that her termination of employment was wrongful and did not set forth an independent claim for personal injury and medical expenses.

The settlement agreement itself also provides insight on defendant's intent in entering into the settlement agreement with plaintiff. The settlement agreement calculated the payment to plaintiff based on her monthly base salary. The evidence shows that plaintiff last worked for defendant in January 2002 and entered into the settlement agreement in July 2002, a time span of six months. The amount paid to plaintiff for back pay under the settlement agreement was a lump sum payment "equivalent to six (6) months of her current monthly base salary in full settlement of any perceived claims."

Further, under the settlement agreement, plaintiff was reinstated and placed on unpaid personal leave for the purpose of providing plaintiff "with an opportunity to be considered for other positions at Duke and to remain eligible for Duke benefits." Defendant also agreed to remove any "negative information leading to or relating to her work with DCRI." Plaintiff agreed to release defendant from "any and all legal claims, causes of action, agreements, obligations, liabilities, damages and/or demands whatsoever at law or in equity . . . ." The settlement agreement makes no mention of medical expenses or personal injuries. Under the terms of the settlement agreement, plaintiff received all remedies requested in the previous dispute resolutions. She was reinstated and paid a lump sum of money equivalent to six months of back pay. All negative comments were removed from her file.

Plaintiff neither complained of personal injuries nor requested medical expenses as a remedy in any of her dispute resolution demands. All the evidence, including the settlement agreement, shows defendant intended to pay the settlement sum only to resolve plaintiff's termination of employment and were properly treated as wages subject to defendant's withholding of FICA taxes. *Pipitone*, 180 F.3d at 864. The trial court properly granted defendant's motion for summary judgment. Plaintiff's assignment of error is overruled.

## V. Conclusion

Plaintiff failed to show that the trial court erred in granting defendant's motion for summary judgment on plaintiff's breach of contract claim. The order and judgment of the trial court is affirmed.