JOSEPH WAYNE LEE, Plaintiff v. R & K MARINE, INC., Defendant

No. COA03-1145

(Filed 20 July 2004)

**1. Statutes of Limitation and Repose— breach of contract— sale of boat—dispute over date of delivery**

The trial court erred by granting defendant's motion for summary judgment on a breach of contract claim arising from the sale of a boat where there was a dispute as to the date of delivery (when the breach occurred and the claim accrued).

**2. Warranties— disclaimer—effective**

Defendant effectively disclaimed any and all warranties of merchantability and fitness for a particular purpose, and the trial court did not err by granting summary judgment for defendant on plaintiff's breach of warranty claim for a defective boat.

Appeal by plaintiff from order entered 16 July 2003 by Judge Ripley E. Rand in Wake County Superior Court. Heard in the Court of Appeals 19 May 2004.

*Browne, Flebotte, Wilson & Horn, PLLC, by Aaron C. Hemmings and Rachel Lea Hunter, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Reid Russell, for defendant-appellee.*

TYSON, Judge.

Joseph Wayne Lee ("plaintiff") appeals from the trial court's order granting R & K Marine, Inc.'s ("defendant") motion for summary judgment. We affirm in part, reverse in part, and remand.

## I. Background

In December 1998, plaintiff purchased a 1999 Sea Ox boat ("the boat") from defendant. Plaintiff and a representative of defendant signed the Standard Marine Purchase Agreement ("purchase agreement") on 18 December 1998. Paragraph 9 of the Additional Terms and Conditions on the back of the purchase agreement stated in all capital letters, "EXCEPT TO THE EXTENT REQUIRED BY STATE LAW, SELLER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."

**LEE v. R. & K. MARINE, INC.**

[165 N.C. App. 525 (2004)]

Delivery of the boat to plaintiff took place some time after the execution of the purchase agreement. The parties dispute the date the boat was delivered to plaintiff.

In January 2002, plaintiff took the boat in for repairs. Cracks and massive deterioration were discovered in the hull. Plaintiff contracted with an appraiser, who determined the cracks and deterioration were due to manufacturing defects and the hull could not be repaired. Plaintiff was informed the manufacturer of the boat had ceased doing business, filed for bankruptcy, and was in prison for fraud. Plaintiff brought suit against defendant claiming breach of contract and breach of the warranties of merchantability and fitness for a particular purpose. Defendant moved for summary judgment on 9 May 2003. After hearing oral arguments and reviewing affidavits submitted by each party, the trial court granted defendant's motion. Plaintiff appeals.

## II. Issues

The issues are whether the trial court erred in granting: (1) defendant's motion for summary judgment on plaintiff's breach of contract claim and holding plaintiff was barred by the statute of limitations set forth in the North Carolina Uniform Commercial Code, N.C. Gen. Stat. § 25-2-725; and (2) defendant's motion for summary judgment on plaintiff's claim for breach of warranty holding that defendant effectively disclaimed the warranties of merchantability and fitness for a particular purpose.

## III. Statute of Limitations for Breach of Contract

[1] Plaintiff contends the trial court erred in granting defendant's motion for summary judgment regarding plaintiff's breach of contract claim and asserts issues of material fact existed regarding the date of the delivery of the boat. We agree.

> The standard of review on appeal from the granting of a motion for summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing the lack of any triable issue of fact. A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative

**LEE v. R. & K. MARINE, INC.**

[165 N.C. App. 525 (2004)]

defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist. Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 707-08, 582 S.E.2d 343, 345 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520, *reh'g denied*, 358 N.C. 381, 597 S.E.2d 129 (2004) (internal citations omitted); *see Herring v. Liner*, 163 N.C. App. 534, 594 S.E.2d 117 (2004); *Kampschroeder v. Bruce*, 162 N.C. App. 180, 590 S.E.2d 333 (2004); *Trivette v. State Farm Mut. Auto. Ins. Co.*, 164 N.C. App. 680, 596 S.E.2d 448 (2004); *McGlynn v. Duke University*, 165 N.C. App. 250, 598 S.E.2d 424 (2004); *see also* N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

The Uniform Commercial Code ("UCC"), codified in N.C. Gen. Stat. § 25-2-102 (2003), applies to all transactions in goods. N.C. Gen. Stat. § 25-2-725 (2003) states:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach.* A breach of warranty occurs when tender of delivery is made . . . .

(emphasis supplied).

Here, plaintiff contracted to buy the boat from defendant in 1998. On 18 December 1998, both parties signed a standard purchase agreement. The boat was actually delivered to plaintiff at some period of time after the purchase agreement was signed. At the summary judgment hearing, both parties presented evidence regarding the date of the boat's delivery. Defendant claims the boat was delivered on 18 December 1998. Plaintiff claims the boat was delivered sometime after 25 December 1998. Plaintiff also presented an affidavit stating that defendant was not in possession of the boat until 21 December 1998.

In January 2002, plaintiff took the boat in for repairs. After interior components of the boat were removed, massive cracks and deterioration of the hull of the boat were discovered. The appraiser determined these defects occurred in the manufacturing process where the fiberglass had not bonded correctly. Plaintiff was not aware of these defects until January 2002.

A breach of contract action does not accrue until the breach occurs. N.C. Gen. Stat. § 25-2-725(2). Although both parties signed the purchase agreement setting out their rights and obligations on 18 December 1998, the breach could not and did not occur until defendant actually delivered the boat that was different from what plaintiff and defendant agreed upon in the purchase agreement. Once plaintiff received the defective boat under the purchase agreement, his right to sue for breach of contract accrued. Plaintiff had four years from this date to file his claim. N.C. Gen. Stat. § 25-2-725(1). The trial court found that plaintiff failed to meet the statute of limitations for his breach of contract action by two days. However, genuine issues of fact exist regarding the date the boat was actually delivered to plaintiff. Plaintiff claims it was delivered after 25 December 1998, and that defendant was not in possession of the boat until 21 December 1998. Defendant claims the boat was delivered on 18 December 1998, the same day the purchase agreement was signed.

As the date of delivery is disputed and is pertinent in determining when plaintiff's claim for breach of contract accrues, the trial court erred in granting summary judgment. The merits of this issue should be fully tried.

### IV. Disclaimer of Warranties of Merchantability and Fitness for a Particular Purpose

[2] Plaintiff also contends that the trial court erred in granting defendant's motion for summary judgment regarding plaintiff's breach of warranty claim. We disagree.

N.C. Gen. Stat. § 25-2-316(2) (2003) provides, "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." N.C. Gen. Stat. § 25-1-201(10) (2003) defines the term "conspicuous" as:

A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to

LEE v. R. & K. MARINE, INC.

[165 N.C. App. 525 (2004)]

have noticed it. A printed heading in capitals (as: NONNEGO-TIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger *or* other contrasting type or color.

(emphasis supplied).

Here, the reverse side of the purchase agreement contained a disclaimer that read, "EXCEPT TO THE EXTENT REQUIRED BY STATE LAW, SELLER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." This disclaimer was printed in all capital letters with the surrounding print in lower-case letters. The language specifically mentioned both the warranties of merchantability and fitness for a particular purpose. N.C. Gen. Stat. § 25-2-316(2). Further, there were at least five different references on the front of the purchase agreement notifying plaintiff of the terms and conditions listed on the back of the purchase agreement.

The disclaimer met all the requirements of N.C. Gen. Stat. § 25-1-316(2), and was conspicuous as defined by N.C. Gen. Stat. § 25-1-201(1). Defendant effectively disclaimed any and all warranties of merchantability and fitness for a particular purpose. The trial court did not err in granting defendant's motion for summary judgment on plaintiff's breach of warranty claim.

## V. Conclusion

Plaintiff failed to show the trial court erred by granting defendant's motion for summary judgment regarding the breach of warranty claim. That portion of the trial court's order is affirmed. Genuine issues of material fact exist regarding the date the boat was delivered to plaintiff. As this date determines when plaintiff's breach of contract claim accrued, the trial court erred in granting summary judgment. This issue should be tried on its merits. That portion of the trial court's order granting summary judgment regarding plaintiff's breach of contract claim is reversed and remanded.

Affirmed in part, reversed in part, and remanded.

Judges McGEE and TIMMONS-GOODSON concur.