ROBERT LEE HARRIS AND ERNEST A. TURNER, ADMRS. OF THE ESTATE OF EMMIT ALSTON, JR., v. ROBERT WRIGHT AND JOHN CALVIN UPCHURCH.

(Filed 14 December, 1966.)

**1. Negligence §§ 16, 26—**

Since a nine-year old boy is rebuttably presumed incapable of contributory negligence, nonsuit may not be allowed in an action for his wrongful death on the issue of contributory negligence.

**2. Automobiles § 12—**

It is not negligence *per se* to back a car, but the operator is required in the prudent operation of the vehicle to look back when he commences such operation and continue to look back in order that he may not collide with or injure others, and to give timely warning of his intention to back when a reasonable necessity therefor exists.

**3. Same; Automobiles § 24—**

The fact that the operator of a truck is prevented by barrels loaded thereon from looking through the back window of the truck does not establish negligence of the operator in backing the truck when he takes reasonable caution before backing by looking to the right, left, and backward, and, opening his door, continued to look back while backing.

**4. Trial § 21—**

Conflicts in plaintiff's evidence must be considered in the light most favorable to plaintiff on motion to nonsuit.

**5. Automobiles § 12—**

The failure of the driver to give warning before backing his vehicle cannot be the proximate cause of injury to a person run over by the backing vehicle when the evidence discloses that such person knew of the movement and that, after the vehicle had begun to move backward, left a place of safety and tried to jump on the rear of the truck, since, in such instance, the injury could not result from any lack of warning.

**6. Negligence § 24a—**

In order to recover for wrongful death resulting from negligent injury, plaintiff must establish negligence on the part of defendant and that such negligence was a proximate cause of the injury, including the essential element of foreseeability.

**7. Automobiles §§ 34, 41m— Evidence held insufficient to show negligence in backing truck causing injury to child attempting to board its rear.**

The evidence tended to show that after defendant driver had stopped in a driveway, permitting children riding on the body of the truck to descend, that he waited for some five minutes and then started backing the vehicle after looking to his right, left, and backward, and ascertaining that all of the children were clear of the movement, that he continued to look backward, and that after the vehicle had started to move one of the children left a place of safety, ran from the right side of the vehicle to its rear, and attempted to board the truck several times as it was moving,

fell and was fatally injured when he was run over by the rear wheels of the truck. *Held:* The evidence fails to disclose actionable negligence on the part of the driver, and nonsuit was properly entered.

APPEAL by plaintiffs from *Braswell, J.,* April 20, 1966 Session of FRANKLIN.

Action for wrongful death of nine-year old Emmit Alston, Jr., allegedly caused by the negligent act of defendant Wright while operating a truck owned by defendant Upchurch.

The evidence, taken in the light most favorable to plaintiffs, tends to show: On 16 May 1963, plaintiffs' intestate and three of his brothers and sisters had been doing farm work with the defendant Wright. Wright returned the Alston children to their home at about seven o'clock p.m., while it was still light. He pulled up in the driveway in front of the Alston home, and the four Alston children and three of his children alighted from the truck. Wright remained in the truck, which was sitting in the driveway, for about five minutes while the children played in the yard. The plaintiffs offered in evidence the adverse examination of defendant Wright, in which Wright stated that he started the truck to go and pick up his wife and make a telephone call, at which time he looked and saw all the children; "When I started to crank up I looked to my right and Emmit was over there, then I opened my door, cranked up, and was looking back when I started backing. . . . I did not start backing before I looked. . . . It was not dark enough for me to have parking lights on the car. . . . There was no traffic coming up the highway because I was looking back. I looked back before I started backing. I could have seen if there was anything. . . . I did not blow my horn. There were children in front of me, and some were to the right of me, and I said I was going to back up and turn around. As I was backing I heard a barrel fall off and I stopped to pick up the barrel. When I did, the children hollered that I had run over one of them. When I started backing up I saw my son on the ground. I looked and saw all of them on the ground I turned around and looked down the road and saw some of them down the road, then I opened my left door and looked back to see if anything was coming. I couldn't see through the back glass because of the barrels. . . . I didn't tell anyone I was going."

The plaintiffs offered as a witness Lewis Burt, who testified in part as follows: "I was present when Mr. Wright came to let the children off that afternoon. He came down the road and stopped to put off the children, he waited five or ten minutes, then he started to backing up. Emmit, Jr. . . . was on the passenger side. He was playing with the rest of the children. . . . After playing for about

four minutes, I saw him run toward the truck. Mr. Wright started up and he came over on the side of the truck, the side the passenger sat on, and Mr. Wright cranked up and backed one or two feet, then he ran behind the truck on the passenger side. . . . He was trying to jump up on there. He made a motion three times to jump up on it. The third time he fell. . . . The truck had already started moving back when Emmit started jumping on it. It was moving slowly."

Rosetta Alston, sister of plaintiffs' intestate, testified for the plaintiffs, in part as follows: "My brother (Emmit) was standing on the right side with me and Lewis Burt, and my brother wanted to ride back to the store with him to get his wife, but Mr. Wright did not know that. My brother ran to the truck to get on, and he was hopping trying to get on, but it was too late because he had already did it, and when I saw him again he was down under the truck dead. Mr. Wright's automobile was in motion when my brother jumped or was trying to jump on it. It was moving back toward the right. He was moving slowly . . . At the time Mr. Wright started backing the truck up, he told us, I think, to get out of the way, he was going to back up the road to get his wife. He was talking to me, my sisters and brother and his children."

Plaintiffs introduced other witnesses who testified to substantially the same facts as the above witnesses.

At the close of plaintiffs' evidence the defendants moved for judgment as of nonsuit. The motion was allowed, and plaintiffs appealed.

*Clayton & Ballance and Mitchell & Murphy. for plaintiffs.*

*Teague, Johnson and Patterson and Joseph E. Johnson for defendants.*

BRANCH, J. The motion for judgment as of nonsuit could not have been allowed on the basis of contributory negligence on the part of plaintiffs' intestate, since a nine-year old boy is rebuttably presumed incapable of contributory negligence. *Hamilton v. McCash,* 257 N.C. 611, 127 S.E. 2d 214. Therefore, we must determine if there was sufficient evidence of actionable negligence on the part of defendants to withstand the motion for involuntary nonsuit.

Plaintiffs in their complaint allege that the defendant Wright was negligent in that (1) he operated the motor vehicle in a careless and reckless manner, (2) he failed to keep and maintain his vehicle under control, (3) he operated the same with unsafe equipment, to-wit, faulty brakes, (4) he operated the vehicle at a rate of speed in excess of that warranted by conditions and surrounding

circumstances, (5) he gave no warning to said minor that he was about to move his vehicle, either by sounding his horn or other audible signal, and (6) he maintained barrels on the rear of the truck, which made it impossible for him to see to his rear.

It is not negligence *per se* to back a car upon a highway. *Newbern v. Leary*, 215 N.C. 134, 1 S.E. 2d 384. In discussing requirements for prudent operation while backing a motor vehicle, this Court in the case of *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330, stated: "The requirements of prudent operation are not necessarily satisfied when a defendant 'looks' either preceding or during the operation of his car. It is the duty of the driver of a motor vehicle not merely to *look* but *to keep an outlook* in the direction of travel; and he is held to the duty of seeing what he ought to have seen. . . . 'It is his positive duty to look backward for approaching vehicles and to give them timely warning of his intention to back, when a reasonable necessity for it exists; and he must not only look backward when he commences his operation, but he must continue to look backward in order that he may not collide with or injure those lawfully using such street or highway. . . .'" (Italics ours)

The evidence offered in the instant case shows that defendant Wright looked back before he put the truck in motion and continued to look backward in his direction of travel until the child was injured.

The plaintiffs offered evidence which would tend to show that there were barrels on the rear of the truck which prevented the defendant Wright from seeing through the rear window of the truck. We would not hold that the mere fact that Wright could not see *through the back window* of the truck would, in itself, convict him of negligence in backing the truck, when he took reasonable precautions before so doing by looking to the right, left and backward. To so hold would be to ignore the accepted principles of negligence, particularly proximate cause. Further, it is common knowledge that many modern trucks and tractor-trailer combinations do not have rear windows, and such a holding would make every operator of such vehicles negligent as a matter of law when he backed the vehicle.

Plaintiffs offered no other evidence to sustain the allegations of their complaint, except as to the allegation that defendant Wright gave no warning to the said minor that he was about to move his vehicle, either by sounding his horn or other audible signal. There is conflict in plaintiffs' evidence as to whether a verbal warning of his intention to move the vehicle was given by defendant, and on motion for involuntary nonsuit the conflict in evidence would be considered in the light most favorable to the plaintiff. *Brewer v.*

*Green,* 254 N.C. 615, 119 S.E. 2d 610. However, the purpose of sounding a warning is to put a person on notice and to keep him from being taken by surprise. All of the evidence shows that plaintiffs' intestate was not injured by a sudden movement of the motor vehicle or because of any lack of warning. To the contrary, the evidence reveals that after the truck began to slowly move, the plaintiffs' intestate left a place of safety and tried to jump on the rear of the truck. Unless the child was injured *because* of absence of signal or warning, it is plain under recognized principles of law that a verdict could not be founded on this omission.

"In an action for recovery of damages for wrongful death, resulting from alleged actionable negligence, the plaintiff must show: First, that there has been a failure on the part of defendant to exercise proper care in the performance of some legal duty which the defendant owed plaintiff's intestate under the circumstances in which they were placed; and second, that such negligent breach of duty was the proximate cause of the injury which produced the death — a cause that produced the result in continuous sequence, and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed. *Whitt v. Rand,* 187 N.C. 805, 123 S.E. 84; *Murray v. R. R., supra,* (218 N.C. 392, 11 S.E. (2d) 326); *Mills v. Moore,* 219 N.C. 25, 12 S.E. (2d) 661; *White v. Chappell,* 219 N.C. 652, 14 S.E. (2d) 843, and cases cited." *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239.

We are advertent to the principle that a motorist must recognize that children have less judgment and capacity to appreciate and avoid danger than adults, and that children are entitled to a care in proportion to their capacity to foresee, to appreciate and to avoid peril. *Pope v. Patterson,* 243 N.C. 425, 90 S.E. 2d 706. However, considering the evidence in the light most favorable to the plaintiffs, it is our opinion that the evidence adduced in the trial below is insufficient to establish actionable negligence on the part of the defendants. The judgment of nonsuit entered below is

Affirmed.