CLIFFORD LEE CAMERON v. DR. PAUL O. HOWARD

No. 7811SC316

(Filed 20 February 1979)

**Physicians, Surgeons and Allied Professions § 17— malpractice in treating wound—insufficient evidence**

Plaintiff's evidence was insufficient for the jury in an action for malpractice in the treatment of a wound to plaintiff's hand where it tended to show that plaintiff suffered an injury to the back of his hand from a piece of wood; defendant doctor sewed up the larceration; small splinters later began coming out of the skin, and plaintiff told defendant about this; a lump and pain developed, but defendant only rubbed plaintiff's hand and gave him a piece of foam rubber to exercise the hand; another doctor thereafter operated on the hand and removed several wooden fragments which had caused the hand to swell; and the wound healed and the swelling disappeared after the operation.

APPEAL by plaintiff from *Smith (David I.), Judge.* Order entered 28 November 1977 in Superior Court, LEE County. Heard in the Court of Appeals 17 January 1979.

Plaintiff filed a complaint charging defendant doctor with malpractice in treatment of a wound to plaintiff's hand. Defendant answered, denying negligence. At trial at the close of plaintiff's evidence, the trial court allowed defendant's motion for a directed verdict. Plaintiff appeals.

*J. W. Hoyle, for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by John H. Anderson, for defendant appellee.*

ERWIN, Judge.

Plaintiff's evidence tended to show that he was shaping a piece of wooden molding with a machine on 22 March 1969 when the wood broke and a piece of it struck the back of his hand; that he pulled the wood from his hand, and the end of it broke off; that he was taken to the hospital and treated by defendant, who

sewed up the larceration; that defendant removed the stitches and gave him medication and rebandaged the hand about a week later; that small splinters began coming out of the skin, and he told defendant; that he saw defendant several times over the next few weeks, "because it wasn't doing right"; that a lump and pain developed; that defendant only rubbed his hand and gave him a piece of foam rubber to exercise his hand; that he could not work at his job because of his hand; and that he eventually saw Dr. Bevin and had an operation.

Dr. Bevin testified that he first saw plaintiff in September 1969 for a mass "roughly the size of a half a pingpong ball" on the back of his left hand; that he found no active inflammation or disability and diagnosed either a foreign body or a "traumatic ganglion" related to the original injury; that he operated on his hand on 17 October 1969 and removed several wooden fragments which, in his opinion, had caused the swelling; and that the wound healed, and the swelling disappeared after the operation.

On cross-examination, Dr. Bevin testified that "splinters have a natural tendency to work themselves out to the surface and it is fairly common sometimes not to probe and wait for that to happen." He further stated: "I have removed a number of foreign bodies from the hand, some of them quite large and some of them very unusual but I have never seen this amount of material in a hand over a six-month period which caused essentially no symptoms from the functional point of view."

The only assignment of error on the record before us reads: "Did the plaintiff present sufficient evidence of negligence for his case to be resolved by the jury?" We answer "No" and affirm the order appealed from.

Our Supreme Court held in *Hunt v. Bradshaw*, 242 N.C. 517, 521, 88 S.E. 2d 762, 765 (1955):

"A physician or surgeon who undertakes to render professional services must meet these requirements: (1) He must possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess; (2) he must exercise reasonable care and diligence in the application of his knowledge and skill to the patient's case; and (3) he must use his best judgment in the treatment and care of his patient." (Citations omitted.)

On motion for judgment as of nonsuit, plaintiff's evidence is to be taken as true. *Anderson v. Carter*, 272 N.C. 426, 158 S.E. 2d 607 (1968); *Edwards v. Johnson*, 269 N.C. 30, 152 S.E. 2d 122 (1967); *Harris v. Wright*, 268 N.C. 654, 151 S.E. 2d 563 (1966). All the evidence must be considered in the light most favorable to plaintiff, giving him the benefit of ever fact and inference of fact pertaining to the issues, which may be reasonably deducted from the evidence. *Price v. Tomrich Corp.*, 275 N.C. 385, 167 S.E. 2d 766 (1969); *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969).

We hold that the evidence presented by plaintiff was insufficient to raise a permissible inference: (1) that defendant did not possess the degree of professional learning, skill, and ability which others similarly situated ordinarily possess; (2) that defendant did not exercise reasonable care and diligence in the application of his knowledge and skill to plaintiff's case; and (3) that defendant failed to use his best judgment in the treatment and care of plaintiff. The doctrine, *res ipsa loquitur*, does not apply in cases of this character. *Starnes v. Taylor*, 272 N.C. 386, 158 S.E. 2d 339 (1968), and *McLeod v. Hicks*, 203 N.C. 130, 164 S.E. 617 (1932).

We are compelled to affirm the order appealed from.

Judgment affirmed.

Judges MARTIN (Robert M.) and MITCHELL concur.