LYNETTA DRAUGHON, Personal Representative of the ESTATE OF MAX DRAUGHON, Deceased, Plaintiff v. HARNETT COUNTY BOARD OF EDUCATION and BARRY HONEYCUTT, JACKIE SAMUELS, STEPHEN AUSLEY, JASON SPELL, ANTHONY BARBOUR, PERRY SAENZ, DON WILSON, JR., RAYMOND McCALL, and BRIAN STRICKLAND, In their Individual and Official Capacities, Defendants

No. COA02-1142

(Filed 1 July 2003)

**1. Appeal and Error— appealability—interlocutory order— substantial right—right to avoid two trials**

Although this appeal in a wrongful death action concerns only one of the defendants and the trial court did not certify the judgment under N.C.G.S. § 1A-1, Rule 54(b), plaintiff's right to

avoid two trials on the same or overlapping issues constitutes a substantial right allowing an immediate appeal.

**2. Wrongful Death— summary judgment—sufficiency of evidence**

The trial court did not err in an action for the wrongful death of a high school football player from a heatstroke by granting summary judgment in favor of defendant assistant coach, because: (1) the complaint could not rebut the summary judgment motion where the complainant lacked personal knowledge; (2) conclusory allegations, unsworn statements, and inadmissible hearsay cannot be relied upon to overcome evidence showing defendant is entitled to summary judgment; and (3) plaintiff acknowledged that she could not establish that defendant committed any of the alleged acts, thus showing that plaintiff cannot satisfy the elements of her claim and cannot show either that defendant breached a legal duty to decedent or that a breach proximately caused decedent's death.

**3. Jurisdiction— ruling on summary judgment while prior appeal pending—consideration of entire record**

The trial court did not err by ruling on defendant's motion for summary judgment while a prior appeal from summary judgment for other defendants was pending and by allegedly failing to consider the entire record, because: (1) the trial court stated that it reviewed the admissible facts and concluded that there was no genuine issue of material fact; and (2) the trial court was not divested of jurisdiction of the claims against defendant merely based on the fact that the appeal involving the other defendants was pending.

Judge Wynn dissenting.

Appeal by plaintiff from order entered 4 March 2002 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 22 May 2003.

*Keith A. Bishop, PLLC, by Keith A. Bishop; and Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, by Linda E. Capobianco, for plaintiff appellant.*

*Tharrington Smith, L.L.P., by Jonathan Blumberg, for Brian Strickland defendant appellee.*

**DRAUGHON v. HARNETT CTY. BD. OF EDUC.**

[158 N.C. App. 705 (2003)]

McCULLOUGH, Judge.

Plaintiff Lynetta Draughon personal representative of the Estate of Max Draughon, appeals from an order granting summary judgment in favor of defendant Brian Strickland. We affirm. Previously, another panel of this Court affirmed summary judgment on behalf of defendants Stephen Ausley, Raymond McCall, Jason Spell and Don Wilson, Jr. *See Draughon v. Harnett County Board of Education*, 158 N.C. App. 208, 580 S.E.2d 732 (2003).

The facts pertinent to an understanding of this appeal are as follows: The decedent was a football player at Triton High School in Harnett County, North Carolina, who collapsed during a morning practice session on 8 August 1998 and died the next day at UNC Memorial Hospital from complications of heatstroke. A more detailed discussion of the facts and procedural history of the case can be found in this Court's earlier opinion filed on 3 June 2003. Like the other defendants, Strickland filed a motion for summary judgment which was granted by the trial court on 4 March 2002. Plaintiff appeals.

### Interlocutory Appeal

[1] As this appeal concerns only one of the defendants and the trial court did not certify the judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (2001), we must first determine whether this appeal affects a substantial right.

As defendant Harnett County Board of Education's liability depends on the individual defendants' joint and several liability, plaintiff faces the possibility of having to undergo two trials on the same issue. The right to avoid two trials on the same or overlapping issues does constitute a substantial right, thus plaintiff's appeal is not interlocutory. *See Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982); and *Liggett Group v. Sunas*, 113 N.C. App. 19, 437 S.E.2d 674 (1993). A prior panel of this Court reached the same conclusion. *See Draughon*, 158 N.C. App. at 211, 580 S.E.2d at 735. We therefore turn to the merits of the appeal.

### Summary Judgment

The standard of review on appeal from the granting of a motion for summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Willis v. Town of Beaufort*, 143 N.C. App. 106, 108, 544 S.E.2d 600, 603, *disc. review*

*denied,* 354 N.C. 371, 555 S.E.2d 280 (2001). The moving party has the burden of establishing the lack of any triable issue of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,* 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985).A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense." *James v. Clark,* 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. review denied,* 340 N.C. 359, 458 S.E.2d 187 (1995). Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

"Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway,* 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000). "To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment." *Roumillat v. Simplistic Enterprises, Inc.,* 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992).

[2] To establish error on the part of the trial court, plaintiff must show that defendant Strickland failed to exercise proper care in the performance of a legal duty which resulted in the wrongful death of decedent.

> "In an action for recovery of damages for wrongful death, resulting from alleged actionable negligence, the plaintiff must show: First, that there has been a failure on the part of defendant to exercise proper care in the performance of some legal duty which the defendant owed plaintiff's intestate under the circumstances in which they were placed; and second, that such negligent breach of duty was the proximate cause of the injury which produced the death—a cause that produced the result in continuous sequence, and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed."

*Harris v. Wright,* 268 N.C. 654, 658, 151 S.E.2d 563, 566 (1966) (quoting *Reeves v. Staley,* 220 N.C. 573, 582, 18 S.E.2d 239, 245 (1942)).

With these principles in mind, we turn to the record in the case *sub judice.*

Here, plaintiff attempts to rely on the complaint and the depositions of record. However, the complaint was not verified and thus cannot be relied upon as sworn testimony. The allegations in the complaint also rest upon the personal knowledge of third parties and not that of the complainant. Whether it was verified or not, the complaint could not overcome the evidence of record. *See Talbert v. Chopin,* 40 N.C. App. 360, 253 S.E.2d 37 (1979) (verified complaint not suitable to rebut summary judgment motion where complainant lacked personal knowledge). Plaintiff also attempts to create an issue of fact by relying on conclusory allegations, unsworn statements or inadmissible hearsay. Such evidence cannot be relied upon to overcome evidence showing that defendant is entitled to summary judgment. *See Eagle's Nest, Inc. v. Malt,* 70 N.C. App. 397, 399, 319 S.E.2d 685, 687 (1984).

In the present case the complaint alleged that defendant Strickland, an Assistant Coach, prohibited decedent from getting water while directing him to run wind sprints and failed to recognize the symptoms of heatstroke exhibited by decedent prior to his collapse. Defendant denied that he committed any of the acts complained of, and his denial is supported by the testimony of others.

In both her deposition and defendant's Request For Admissions, plaintiff acknowledged that she could not establish that Strickland committed any of the acts alleged. Thus, plaintiff cannot satisfy the elements of her claim and cannot show either that defendant breached a legal duty to decedent or that a breach proximately caused decedent's death. Accordingly, her claim must fail and this assignment of error is overruled.

## Other Assignments of Error

**[3]** Plaintiff has also alleged that the trial court erred in ruling on defendant Strickland's motion for summary judgment while the prior appeal was pending and that the trial court failed to consider the entire record. Both assignments of error are without merit. In ruling, the trial court stated that

[a]fter reviewing the facts that are admissible in evidence that appear from the pleadings, depositions and other documents of record, and after hearing the arguments of counsel, the Court is of the opinion that there is no genuine issue as to any material

fact, and that [this] Defendant Brian Strickland is entitled to judgment as a matter of law.

Finally, the trial court was not divested of jurisdiction of the claims against defendant Strickland merely because the appeal involving the other defendants was pending. N.C. Gen. Stat. § 1-294 (2001) provides:

> When an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

Based on the foregoing, we conclude plaintiff's arguments are meritless, and her remaining assignments of error are overruled.

### Conclusion

As defendant made a showing through competent evidence that he was entitled to summary judgment, it became incumbent upon plaintiff to produce a forecast of evidence showing that she could at least establish a *prima facie* case at trial. *Gaunt*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664. This she could not do. Accordingly, summary judgment on behalf of defendant Brian Strickland is

Affirmed.

Judge CALABRIA concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

For the reasons stated in my dissenting opinion in *Draughon v. Harnett County Bd. of Educ.*, 158 N.C. App. 208, ——, —— S.E.2d ——, —— (June 3, 2003) (Wynn, J., dissenting), I respectfully dissent.