HUDSON, Judge.
 

 On 2 January 2001, plaintiff the Town of Hertford ("the town") filed suit seeking a judgment allowing it to sell the real property of defendants Harris to satisfy a statutory lien. The town alleged that defendants Harris owed for the cost of demolition of two mobile homes it found in violation of the town's minimum housing standards ordinance. Defendants Harris denied the lien and counterclaimed for conversion. Plaintiff moved for summary judgment, and by judgment filed 2 February 2004, the court granted the motion on claims for costs, interest and fees. Defendants appeal. As explained below, we reverse and remand.
 

 Mr. Harris purchased land in the town in the 1950s and owned two mobile homes on the property which he had used for storage since 1964. Pursuant to the town's housing standards ordinance, effective 8 April 1996 ("the 1996 ordinance"), the town building inspector filed a complaint and notice of hearing against defendants Harris. Following a hearing which defendants Harris did not attend, the building inspector entered an order on 2 June 1999 that the mobile homes were not reparable and must be demolished or removed. Defendants Harris did not appeal this order to the town's zoning board of adjustment or to the superior court as provided for by the 1996 ordinance or N.C. Gen.Stat. § 160A-446(c) and (f). On 13 September 1999, the town's board of commissioners adopted an ordinance which specifically declared the Harris' property unfit for human habitation, that defendants Harris had failed to comply with the building inspector's order after a reasonable opportunity, and ordered the structures removed or demolished. The town served defendants Harris with a copy of this ordinance. Thereafter, the town removed the mobile homes, incurring a cost of $3,284. Defendants Harris failed to pay the town for these costs and the town instituted this action.
 

 *196
 
 Defendants first argue that the court erred in granting summary judgment for the town. We agree.
 

 When reviewing a grant of summary judgment, we review whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law.
 
 Draughon v. Harnett Cty. Bd. of Educ.,
 

 158 N.C.App. 705
 
 , 707-08,
 
 582 S.E.2d 343
 
 , 345 (2003),
 
 affirmed,
 

 358 N.C. 137
 
 ,
 
 591 S.E.2d 520
 
 (2004),
 
 reh'g denied,
 

 358 N.C. 381
 
 ,
 
 597 S.E.2d 129
 
 (2004). Because defendants have stipulated that the facts here are not at issue, we consider only whether the court properly found the town was entitled to judgment as a matter of law. "Any error made in interpreting a statute is an error of law."
 
 Savings & Loan League v. Credit Union Comm.,
 

 302 N.C. 458
 
 , 464,
 
 276 S.E.2d 404
 
 , 409 (1981).
 

 N.C. Gen.Stat. § 160A-441
 
 et seq.
 
 codifies the powers of municipalities to regulate minimum housing standards. N.C. Gen.Stat. § 160A-443 authorizes a municipality to collect from a property owner the cost of repair or removal and demolition of a dwelling found unfit for human habitation. Specifically, the statute provides:
 

 If the dwelling is removed or demolished by the public officer, he shall sell the materials of the dwelling, and any personal property, fixtures or appurtenances found in or attached to the dwelling, and shall credit the proceeds of the sale against the cost of the removal or demolition and any balance remaining shall be deposited in the superior court by the public officer, shall be secured in a manner directed by the court, and shall be disbursed by the to the persons found to be entitled thereto by final order or decree of the court.
 

 N.C. Gen.Stat. § 160A-443(6)(c) (2001).
 

 Pursuant to N.C. Gen.Stat. § 160A-441
 
 et seq.,
 
 the town adopted its own ordinance establishing minimum housing standards. Section 17 of the town's ordinance concerns the sale of personal property to satisfy the cost of repairs, removal or demolition of condemned properties and provides:
 

 That the amount of the cost of repairs, alterations or improvements, or vacating and closing, or removal or demolition by the public officer shall be a lien against the real property upon which the cost was incurred.... If the dwelling is removed or demolished by the public officer, he shall sell the materials of the dwelling, and shall credit the proceeds of the sale against the cost of the removal or demolition and any balance remaining shall be deposited in the superior court by the public officer, shall be secured in a manner directed by the court, and shall be disbursed by the court the persons found to be entitled thereto by final order or decree if [sic] the court
 

 Defendants contend that the town's ordinance violates the enabling statute quoted above because it fails to include language requiring the sale of personal property, fixtures and appurtenances. We disagree. The ordinance is not inconsistent with the provisions of N.C. Gen.Stat. § 160A-443(6)(c).
 
 Greene v. City of Winston-Salem,
 

 287 N.C. 66
 
 , 73,
 
 213 S.E.2d 231
 
 , 236 (1975). Section 2(5) of the town's ordinance defines the term "dwelling" in the ordinance as including "any outhouses and appurtenances belonging thereto or usually enjoyed therewith." Construed together, these sections are not inconsistent with the requirements of N.C. Gen.Stat. § 160A-443(6)(c).
 
 Greene,
 

 287 N.C. at 73
 
 ,
 
 213 S.E.2d at 236
 
 .
 

 However, while the town's ordinance is not necessarily inconsistent with the enabling statute, issues of fact remain as to whether the town's actions were, so that summary judgment was not appropriate here. Regardless of the specific wording of the town's ordinance, the town must comply with the statute's requirement that any personal property or appurtenances be salvaged and the proceeds applied to the cost of removal or demolition. Defendants alleged in their complaint and in an affidavit from Jessie Harris that the removed mobile homes and their contents had a value in excess of $5000. In its brief, the town contends that there was no salvageable material on defendants property when the mobile homes were removed. Because the existence and value of any personal property and appurtenances on defendants' property are genuine issues of material fact, summary judgment for the
 
 *197
 
 town was not proper, and we vacate the judgment and remand for further proceedings consistent with this opinion.
 

 Defendants also argue that the court erred in awarding attorney fees to plaintiff. We agree. The town brought its action to enforce a lien against defendants' real property to cover the costs of removing the condemned dwellings. Because the town may have improperly failed to salvage personal property and appurtenances from defendants' property and credit their value toward the costs incurred, we cannot determine whether any lien existed. Thus, we vacate the award of attorney fees as well.
 

 Reversed and remanded.
 

 Judges TIMMONS-GOODSON and STEELMAN concur.