TOM J. KEITH, Plaintiff v. TOWN OF WHITE LAKE, Defendant

No. COA05-408

(Filed 7 February 2006)

**Zoning— town ordinance—procedures for amending ordinance**

A de novo review revealed that the trial court did not err by granting summary judgment in favor of defendant town in a declaratory judgment action seeking to void the town's adoption of a zoning ordinance rezoning two tracts of land owned by plaintiff, because: (1) the Planning Board proposed the zoning changes and followed the appropriate procedures for amending the ordinance, including providing all property owners notice and conducting the public hearing; and (2) the ordinance does not require the Planning Board to file a petition before initiating recommen-

dations to the Board of Commissioners with respect to amendments to the zoning map or ordinance.

Appeal by plaintiff from judgment entered 24 January 2005 by Judge Ripley E. Rand in Bladen County Superior Court. Heard in the Court of Appeals 9 January 2006.

*The Yarborough Law Firm, by Garris Neil Yarborough, for plaintiff-appellant.*

*Hester, Grady & Hester, P.L.L.C., by H. Clifton Hester, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiff, Tom J. Keith, brought this action seeking a declaratory judgment voiding defendant Town's adoption of a zoning ordinance re-zoning two tracts of land owned by plaintiff. After the Town's motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) was denied, both plaintiff and defendant Town moved for summary judgment. The motion was heard upon stipulated facts which, briefly summarized, showed the following: at a meeting on 20 February 2003, the Town's Planning Board (Planning Board) recommended that plaintiff's property located within the Town's extraterritorial zoning jurisdiction be re-zoned from R-2 (Recreational Residential Zone) and B (Business) to R-1 (Permanent Residential Zone) to be consistent with the Town's land use plan adopted on 12 September 2000. The Town Board of Commissioners (Board), at its 11 March 2003 meeting, set a public hearing on the matter for 1 April 2003. After proper notice, the Board conducted the public hearing on 1 April 2003 and subsequently voted unanimously to re-zone the property.

Section 8-2 of the Town's Zoning Ordinance provides:

(A) Any person or organization may petition the Board of Commissioners to amend this Ordinance. The petition, on a form approved by the Board of Commissioners, shall be filed with the Town Clerk and shall include, among the information deemed relevant by the Town Clerk:

(1) The name, address, and phone number of the applicant;

(2) A metes and bounds description and a scaled map of the land affected by the amendment if a change in zoning district classification is proposed; and

(3) A description of the proposed map change or a summary of the specific objective of any proposed change in the text of this Ordinance.

(B) Petitions for amendments shall be submitted to the Town Clerk three weeks prior to the date of the Planning Board meeting at which the petition will be reviewed.

The trial court granted the Town's motion for summary judgment, and plaintiff appeals, contending the re-zoning was void because the Town did not follow its own ordinance when it re-zoned his property. We affirm.

Because the facts have been stipulated, there are no genuine issues of material fact in dispute and the only question is whether the Town is entitled to judgment as a matter of law. *Town of Hertford v. Harris*, 169 N.C. App. 838, 839, 611 S.E.2d 194, 196 (2005). Interpretation of the zoning ordinance is a matter of law which we review *de novo. Ayers v. Bd. of Adjust. For Town of Robersonville*, 113 N.C. App. 528, 531, 439 S.E.2d 199, 201, *disc. review denied*, 336 N.C. 71, 445 S.E.2d 28 (1994).

The General Assembly delegated to local governments the power to zone their territories. N.C. Gen. Stat. § 160A-381 (2005); *Summers v. City of Charlotte*, 149 N.C. App. 509, 517, 562 S.E.2d 18, 24, *disc. review denied*, 355 N.C. 758, 566 S.E.2d 482 (2002). Section 160A-381 permits the city to delegate to a board of adjustment to "determine and vary [the] application" of the zoning regulations "in accordance with general or specific rules therein contained." N.C. Gen. Stat. § 160A-381(b1). When construing municipal zoning ordinances, we apply the same rules of construction used to consider statutes, in order to "ascertain and effectuate the intention of the municipal legislative body." *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 303-04, 554 S.E.2d 634, 638 (2001) (internal citation omitted). Moreover, "if the words of a statute are plain and unambiguous, the court need look no further." *Id.* at 304, 554 S.E.2d at 638.

The Town's ordinances establish procedures to plan for its development and growth, including the creation of the Planning Board. As the statute permits a board of adjustment or the town council to apply the zoning regulations it adopts, the Town has appropriately delegated to the Planning Board the authority to study and recommend "plans, goals and objectives relating to the growth, development and redevelopment of the Town's planning jurisdiction" and to

KEITH v. TOWN OF WHITE LAKE

[175 N.C. App. 789 (2006)]

"[d]evelop and recommend . . . policies, ordinances, administrative procedures and other means for carrying out" these plans, as well as proposing "zoning text and map changes."

Plaintiff maintains that the Town is "an organization" which is required to petition the Board of Commissioners prior to amending the Ordinance pursuant to section 8-2. Plaintiff's reliance on section 8-2 is misplaced. Amendments to the zoning map are first governed by section 8-1, which articulates a review process by the Planning Board, and requires a public hearing, review and action by the Board of Commissioners. Here, the Planning Board proposed the zoning changes, and followed the appropriate procedures for amending the ordinance, including providing all property owners notice and conducting the public hearing. We do not interpret the ordinance as requiring the Planning Board to file a petition before initiating recommendations to the Board of Commissioners with respect to amendments to the zoning map or ordinance. Accordingly, we affirm the trial court's grant of summary judgment in favor of the Town.

Affirmed.

Judges McGEE and STEELMAN concur.