JOHNNY GOINES, Plaintiff,
v.
DONNIE McAVOY, Defendant.
No. COA07-895
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Jeffrey S. Miller, for plaintiff.
Lanier, Fountain & Ceruzzi, by Trey Carter, for defendant.
ELMORE, Judge.
On or about 19 September 2006, Johnny Goines (plaintiff) allegedly entered into a contract with Donnie McAvoy (defendant) to purchase a tract of land in Onslow County. Defendant characterized the agreement as plaintiff making "certain notations on a piece of paper." The writing indicated a sale price, terms of payment, the property to be sold, and the date and signature of defendant, but lacked plaintiff's signature. Defendant did not attend the closing or abide by the terms of the alleged contract to convey the land.
Plaintiff sued for specific performance, "damages as appropriate," and "such other and further relief as to the court may seem just and proper." In his complaint, plaintiff argued that there was a valid contract between the parties and that he "performed work on the property" in anticipation of purchasing the property pursuant to the alleged contract. Defendant's answer denied the existence of a valid contract and admitted that plaintiff performed work on the property, but asserted that plaintiff did not have defendant's consent to perform that work.
Defendant then moved for summary judgment, arguing that there was no genuine issue as to any material fact with respect to plaintiff's claim for specific performance and damages. In his brief in support of the summary judgment motion, defendant argued that there was no enforceable contract between the parties because the writing did not comply with the Statute of Frauds, and therefore summary judgment should be granted on the claim of specific performance. The brief did not explicitly state that the claim for damages should also be denied. The trial judge granted the motion for summary judgment.
Plaintiff now appeals, arguing that the trial court improperly granted summary judgment because no material issue of fact existed as to the question of plaintiff's entitlement to damages. Plaintiff does not dispute that he failed to state a claim for specific performance at the trial level.
We review a grant of summary judgment de novo. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).
The trial court properly grants summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim.
Haynes v. B & B Realty Grp., LLC, 179 N.C. App. 104, 107-08, 633 S.E.2d 691, 693 (2006) (quotations and citations omitted). When the party seeking summary judgment makes such a showing, "the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial." Draughon v. Harnett Cty. Bd. of Educ., 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003) (quotations and citation omitted). "At the summary judgment stage, plaintiffs cannot rely on the allegations of the complaint; rather, plaintiffs need to present specific facts to support their claim." Haynes, 179 N.C. App. at 109, 633 S.E.2d at 694 (citation omitted).
As plaintiff has conceded in his brief that the trial court properly ruled that he "was not entitled to specific performance," we need only consider whether the trial court properly granted summary judgment in favor of defendant on the matter of damages. Finding that no material issue of fact existed as to the question of plaintiff's entitlement to damages, we conclude that it did.
Plaintiff admits in his brief that his "entitlement to go forward on the question of damages" was never discussed at the summary judgment hearing. By this statement, plaintiff concedes that he failed to offer any evidence of damages before the trial judge. Plaintiff instead argues that a question of material fact exists as to whether he expended time and money to improve defendant's property based on the representation that defendant would convey the property. Plaintiff claims that defendant's failure to rebut this allegation and defendant's admission that plaintiff in fact performed work on the property entitles him to have a fact finder determine whether he is entitled to recover damages.
Even if defendant admitted that plaintiff performed work on the property, there is no evidence in the record to show that defendant gave plaintiff permission to perform that work or that it was done in anticipation of purchasing the property under a valid contract. Defendant's answer denies any such permission and the existence of an enforceable contract. On this evidence, the burden shifted to the plaintiff to present facts showing otherwise.
Plaintiff could not produce evidence beyond facts stated in the complaint that he had permission to do the work, nor could he show that it was done pursuant to a valid contract. Without evidence of either, plaintiff could not have been damaged. To survive summary judgment, plaintiff needed to make a showing that he had permission to perform the work or that the work was performed in anticipation of purchasing the property under an enforceable contract. Because plaintiff failed to set forth specific facts showing either, the trial court properly granted summary judgment to defendant pursuant to Rule 56(c). Accordingly, we affirm the order of the trial court. Affirmed.
Judges McCULLOUGH and ARROWOOD concur.
Report per Rule 30(e).