ONE BEACON INSURANCE COMPANY AND WIRE-BOND, PLAINTIFFS V. UNITED MECHANICAL CORPORATION, DEFENDANT

No. COA09-1691

(Filed 19 October 2010)

## Contracts— breach of contract—indemnity clause inapplicable—summary judgment proper

The trial court did not err in granting summary judgment in favor of defendant on plaintiffs' breach of contract claim arising from an alleged breach of an indemnity provision. No party contended that there was any material issue of fact in dispute and plaintiffs failed to allege facts or forecast any evidence that tended to support a finding that the claim for which they sought to be indemnified stemmed from defendant's acts or omissions.

Appeal by Plaintiffs from judgment entered 15 July 2008 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 May 2009.

*The Law Office of Donald J. Vicini, P.C., by Donald J. Vicini, for Plaintiff-Appellants.*

*Dean & Gibson, PLLC, by Jeremy S. Foster and Michael G. Gibson, for Defendant-Appellees.*

ERVIN, Judge.

Plaintiffs One Beacon Insurance Company and Wire-Bond appeal from an award of summary judgment entered in favor of Defendant United Mechanical Corporation. After careful consideration of the arguments that Plaintiffs have advanced on appeal in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

### I. Factual Background

Wire-Bond is a North Carolina corporation that procured liability insurance coverage from One Beacon. On 28 January 2005, Wire-Bond hired Industrial Piping, Inc., to fabricate and install an improved duct work venting system in Wire-Bond's facility. On 1 February 2005, Industrial Piping subcontracted with United Mechanical to perform the work which Industrial Piping had agreed to perform for Wire-Bond. The contract between United Mechanical and Industrial Piping, which identified Wire-Bond as the Owner, included an indemnity clause providing,

in pertinent part, that United Mechanical "shall protect, fully indemnify, and hold harmless [Industrial Piping] and the Owner . . . from any demands, claims, liability, suits, losses, penalties, damages, or actions of any kind arising from or relating to any act or omission of Subcontractor[.]"

On 14 February 2005, Hazel Ray Myers, an employee of United Mechanical, was seriously injured while performing work related to the Industrial Piping-United Mechanical subcontract at Wire-Bond's facility. Mr. Myers received workers' compensation from United Mechanical as a result of his injuries. Subsequently, he pursued a personal injury claim against Wire-Bond. After Wire-Bond unsuccessfully demanded that United Mechanical provide it with a defense against Mr. Myers' claim and indemnify it for any amounts paid to Mr. Myers, One Beacon settled Mr. Myers claim against Wire-Bond for $1,480,000.00.

On 11 June 2009, Plaintiffs filed suit against United Mechanical for the purpose of attempting to recover damages for United Mechanical's alleged breach of the indemnity clause in the Industrial Piping-United Mechanical contract. According to the allegations in Plaintiffs' complaint, Wire-Bond was entitled to indemnification for the amounts paid to Mr. Myers because it was a third party beneficiary of the indemnity provision of the Industrial Piping-United Mechanical contract and One Beacon was subrogated to Wire-Bond's rights under the indemnity provision as a result of the fact that it had paid Mr. Myers' claim on behalf of Wire-Bond.

Defendant filed motions seeking summary judgment against One Beacon and Wire-Bond on 27 May 2009 and 25 June 2009, respectively. On 15 July 2009, the trial court entered an order granting summary judgment in favor of Defendant against both Plaintiffs. Plaintiffs noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). "A defendant may show entitlement to summary judgment by: '(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his

or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim.' " *Carcano v. JBSS, LLC*, ——— N.C. App. ———, ———, 684 S.E.2d 41, 46 (2009) (quoting *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995)).

"When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citation omitted).

> "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." "To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment."

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 708, 582 S.E.2d 345 (2003) (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664, *disc. review denied*, 353 N.C. 262, 546 S.E.2d 401 (2000), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001), *cert. denied*, 534 U.S. 950, 151 L. Ed. 2d 261, 122 S. Ct. 345 (2001), and *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992), *aff'd*, 358 N.C. 131, 591 S.E.2d 521 (2004)).

"An appeal from an order granting summary judgment solely raises issues of whether on the face of the record there is any genuine issue of material fact, and whether the prevailing party is entitled to judgment as a matter of law." *Carcano*, ——— N.C. App. at ———, 684 S.E.2d at 46 (citing *Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 352, 595 S.E.2d 778, 781 (2004)).

"We review a trial court's order granting or denying summary judgment *de novo.* 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 347, 678 S.E.2d 351, 354 (2009) (quoting *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

As a result, summary judgment may be entered against a party if the nonmovant fails to allege or forecast evidence supporting all the elements of his claim. *See e.g., Edwards v. GE Lighting Sys., Inc.*, 193 N.C. App. 578, 582, 668 S.E.2d 114, 116 (2008) (reversing denial of

summary judgment motion "because the complaint failed to state a claim for relief as provided for in *Woodson*"); *Fabrikant v. Currituck Cty.*, 174 N.C. App. 30, 38, 621 S.E.2d 19, 25-26 (2005) (stating that summary judgment was properly entered against a plaintiff whose complaint failed to allege a required element of waiver of sovereign immunity); *Northwestern Bank v. Roseman*, 81 N.C. App. 228, 231, 344 S.E.2d 120, 123 (1986), *aff'd*, 319 N.C. 394, 354 S.E.2d 238 (1987) (stating that, to avoid summary judgment, defendant "was required to allege facts that, if believed, would prove each element of [the defense asserted by defendant]"). Thus, in order to avoid the entry of summary judgment, Plaintiffs were required to allege sufficient facts and forecast sufficient evidence to make out a *prima facie* case that Defendant's failure to indemnify them for their settlement with Mr. Myers constituted a breach of the indemnity provision of the Industrial Pipeline-United Mechanical contract.

### B. Legal Analysis

### 1. Existence of Disputed Factual Issues

The first issue we must consider is whether the trial court correctly concluded that there were no issues of material fact arising from the factual allegations made and evidentiary forecasts submitted by the parties. As we understand the record, no party contends that any material issue of fact is in dispute in this case. On the contrary, Plaintiffs' counsel expressly represented to the trial court that "the facts of this case obviously are not an issue in this Motion for Summary Judgment. This is a breach of contract case." For that reason, both before the trial court and on appeal, all parties have relied on their preferred interpretations of various documents instead of advancing competing factual contentions. Thus, the trial court correctly concluded that this case "was appropriate for entry of a summary judgment order, because it presents issues of law rather than fact:

> 'Each party based its claim upon the same sequence of events [,and] . . . [n]either party has challenged the accuracy or authenticity of the documents establishing the occurrence of these events. Although the parties disagree on the legal significance of the established facts, the facts themselves are not in dispute. Consequently, we conclude that there is no genuine issue as to any material fact surrounding the trial court's summary judgment order.' "

*Musi v. Town of Shallotte*, —— N.C. App. ——, ——, 684 S.E.2d 892, 894 (2009) (quoting *Adams v. Jefferson-Pilot Life Ins. Co.*, 148 N.C.

App. 356, 359, 558 S.E.2d 504, 507, *disc. review denied*, 356 S.E.2d 159, 568 S.E.2d 186 (2002).

### 2. Breach of Contract

We must next determine whether Defendant was entitled to the entry of judgment on Plaintiffs' breach of contract claim as a matter of law. " 'The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract.' " *Ahmadi v. Triangle Rent a Car, Inc.*, —— N.C. App. ——, ——, 691 S.E.2d 101, 103 (2010) (quoting *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000)). In order to determine whether Plaintiffs have alleged and forecast sufficient evidence to support their breach of contract claim, we must analyze the contents of the indemnity clause contained in the Industrial Piping-United Mechanical contract, a process which, in turn, requires consideration of (1) the general law of indemnity, (2) the language of the indemnity clause under consideration in this case, and (3) the limitations imposed upon indemnity agreements pursuant to N.C. Gen. Stat. § 22B-1 (2009).

"In indemnity contracts the engagement is to make good and save another harmless from loss on some obligation which he has incurred or is about to incur to a third party." *Casualty Co. v. Waller*, 233 N.C. 536, 537, 64 S.E.2d 826, 827 (1951). For that reason," '[i]ndemnity against losses does not cover losses for which the indemnitee is not liable to a third person, and which the indemnitee improperly pays.' " *Insurance Co. v. Hylton*, 7 N.C. App. 244, 250, 172 S.E.2d 226, 229 (1970) (quoting 41 Am. Jur. 2d, *Indemnity* § 27, p. 444). Thus, "if a plaintiff sues defendant A when the negligence of B is the sole proximate cause of plaintiff's injuries and A has no derivative, or imputed, liability for the acts of B, [then] A is not liable to the plaintiff and therefore not entitled to indemnity from B." *Edwards v. Hamill*, 262 N.C. 528, 531, 138 S.E.2d 151, 153 (1964).

The indemnity clause contained in the Industrial Piping-United Mechanical contract requires United Mechanical to "indemnify, and hold harmless [Industrial Piping] and the Owner . . . from any demands, claims, liability, suits, losses, penalties, damages, or actions of any kind arising from or relating to any act or omission of Subcontractor[.]" This language is consistent with N.C. Gen. Stat. § 22B-1, which provides that:

Any promise or agreement in, or in connection with, a contract or agreement relative to the design, planning, construction, alteration, repair or maintenance of a building, structure, . . . or appliance, . . .

purporting to indemnify or hold harmless the promisee . . . against liability for damages arising out of bodily injury to persons or damage to property proximately caused by or resulting from the negligence, in whole or in part, of the promisee . . . is against public policy and is void and unenforceable. Nothing contained in this section shall prevent or prohibit a contract, promise or agreement whereby a promisor shall indemnify or hold harmless any promisee . . . against liability for damages resulting from the sole negligence of the promisor, its agents or employees. . . .

As a result, in order to properly support their breach of contract claim, Plaintiffs were required to allege facts and forecast evidence tending to show that (1) Mr. Myers' claim stemmed from injuries that, at least in part, arose "from or [were] relat[ed] to any act or omission" of United Mechanical and (2) that Plaintiffs were liable in damages for United Mechanical's acts or omissions.

On appeal, Plaintiffs acknowledge that, pursuant to N.C. Gen. Stat. § 22B-1, "a construction contract generally may not include a provision whereby a party is indemnified for its own negligence." However, Plaintiffs contend that the indemnity clause contained in the Industrial Piping-United Mechanical contract does not violate N.C. Gen. Stat. § 22B-1 because:

Nowhere within the indemnity language of the subcontract does it state that Wire-Bond will be indemnified for its own negligence. To the contrary, paragraph 10(a) presents a description of United [Mechanical's] comprehensive indemnity obligation[, n]amely, to indemnify for any claim arising from or relating to, and by reason of any act or omission of United [Mechanical] or anyone working for or under United [Mechanical]. . . . The subparagraphs under paragraph 10(a) then give specific examples of potential misconduct, negligent acts, errors, or omission[s] of United [Mechanical] that would require United [Mechanical] to indemnify and defend [Industrial Piping] and Wire-Bond. . . . Because the indemnity language does not seek to indemnify Wire-Bond for its own negligence, the contract does not violate N.C. Gen. Stat. [§] 22B-1.

Although Plaintiffs clearly concede that the plain language of both the indemnity provision and N.C. Gen. Stat. § 22B-1 limit Plaintiffs' indemnification rights to instances in which they have incurred liability arising from or relating to acts or omissions of United Mechanical, they have failed to allege facts or forecast any evidence that tends to support a finding that the claim for which they seek to be indemnified stemmed from United Mechanical's acts or omissions.

According to Plaintiffs, Mr. Myers "filed a claim against Wire-Bond demanding compensation for his personal injuries and other damages" and One Beacon settled the claim "under the terms of its liability policy." Plaintiffs did not, however, provide a copy of the document or documents evidencing Mr. Myers' claim or the insurance policy that provided the coverage from which Mr. Myers' claim was paid for consideration by the trial court at the hearing held in connection with United Mechanical's summary judgment motion. For that reason, we are unable to determine whether the claim or claims that Mr. Myers asserted against Wire-Bond arose from or related to any "acts or omissions" by United Mechanical and, if so, whether the insurance policy provided by One Beacon covered liability stemming from United Mechanical's acts or omissions. Furthermore, Plaintiffs did not allege in their complaint, forecast for purposes of the summary judgment hearing, or argue on appeal that Mr. Myers' claim rested on a contention that his injuries arose from or were related to "any acts or omissions" of United Mechanical. For this reason, Plaintiffs have failed to allege facts or forecast evidence tending to show that their claim fell within the purview of the indemnity provision of the Industrial Piping-United Mechanical contract.

In addition, as we have already indicated, "[i]ndemnity does not cover payments to a third person for which the indemnitee is not liable and which the indemnitee voluntarily or improperly pays." *City of Wilmington v. N.C. Natural Gas Corp.*, 117 N.C. App. 244, 250, 450 S.E.2d 573, 577 (1994) (citing 41 Am. Jur. 2d, *Indemnity* § 35). In seeking summary judgment, United Mechanical asserted that Plaintiffs' payments to Mr. Myers "were voluntary and not recoverable." During the hearing held before the trial court, United Mechanical contended that:

If [Plaintiffs] paid the claim, then, it had to be based on their independent acts of negligence because they could not have been held liable for any negligence on the part of [United Mechanical.]

. . . [T]hey do not have a valid indemnity claim because they could not be vicariously liable for the acts of United Mechanical in this case. So whatever they paid was a volunteer payment or a payment based on their own liability[.] . . .

. . . [Plaintiffs' complaint] does not state a claim because they could not have been liable vicariously for the acts of United Mechanical as a matter of law . . . because they had no contact, no relationship, and no liability for any acts of United[.]

After reviewing the record, we conclude that Plaintiffs failed to allege facts or forecast evidence tending to show that, if the claims that Mr. Myers' asserted against Plaintiffs did stem from acts or omissions by United Mechanical, Plaintiffs were liable as a result of those acts or omissions. Plaintiffs neither alleged in their complaint nor forecast evidence tending to show that they would have incurred any liability stemming from acts or omissions by United Mechanical. On appeal, Plaintiffs have not argued that they were liable for United Mechanical's actions nor advanced any legal theory upon which they might have been derivatively or vicariously liable for any acts or omissions of United Mechanical. For example, Plaintiffs have not alleged facts or forecast evidence that Wire-Bond had a contractual or any other relationship with Mr. Myers sufficient to support holding Wire-Bond liable for the injuries that he sustained or that Wire-Bond was liable to Mr. Myers based on the doctrine of *respondeat superior* or any other accepted legal theory. As a result, given our agreement with United Mechanical that an essential element of Plaintiffs' indemnity claim involved establishing that Plaintiffs' liability stemmed from acts or omissions on the part of United Mechanical and that Plaintiffs failed to make the required showing of derivative liability, we conclude that:

> [D]efendant produced evidence demonstrating that an essential element of [Plaintiffs' claim] is nonexistent. Specifically, our examination of the record before us reveals that [Plaintiffs] failed to show that the loss complained of is embraced within the . . . language of the [indemnity clause]. . . . Given that defendant[] established that essential elements of the non-moving party's claims are nonexistent, the burden then shifted to [p]laintiff, the non-moving party, to forecast evidence or specific facts that demonstrate the existence of some sort of loss, [covered] under the terms of the [indemnity clause,] which [d]efendants refused to pay.

*Defeat the Beat, Inc. v. Underwriters at Lloyd's London*, 194 N.C. App. 108, 114-15, 669 S.E.2d 48, 52 (2008). Accordingly, Plaintiffs failed "to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that [they] can at least establish a *prima facie* case at trial." *Draughon*, 158 N.C. App. at 212, 580 S.E.2d at 735. For that reason, the trial court did not err by entering summary judgment against Plaintiffs and in favor of United Mechanical.

In seeking to persuade us to reach a contrary result, Plaintiffs assert that a genuine issue of material fact exists concerning the

voluntariness of their settlement with Mr. Meyers. According to Plaintiffs, the mere fact that they entered into a settlement with Mr. Myers is not evidence of their negligence and that, without proof of their negligence, "the court is unable to make a conclusion, as a matter of law, that appellants' settlement payment was voluntary." Plaintiffs' contention, however, lacks merit. As we have already discussed, both the indemnity provision of the Industrial Piping-United Mechanical contract and N.C. Gen. Stat. § 22B-1 limit Plaintiffs' right to indemnification to amounts for which they were liable predicated on Defendant's acts or omissions. For that reason, the relevant issue for purposes of Plaintiffs' appeal is not whether the record establishes Plaintiffs' negligence, but whether Plaintiffs have alleged facts or forecast evidence that, if accepted as true, would trigger an obligation on the part of United Mechanical to indemnify Plaintiffs based upon their liability for United Mechanical's acts or omissions. No such allegations of fact or evidentiary forecast appear in the record.

In addition, Plaintiffs have advanced a number of statutory construction arguments on appeal. For example, Plaintiffs argue that the indemnity provision of the Industrial Piping-United Mechanical contract does not violate N.C. Gen. Stat. § 22B-1; that, in the event that the indemnity provision does violate N.C. Gen. Stat. § 22B-1, any such deficiency could be rectified by removing the offending language and enforcing the remainder of the indemnity provision; that Wire-Bond is a third party beneficiary of the indemnity clause, as that term is defined by statute; and that N.C. Gen. Stat. § 97-10.2 "recognizes" that third party beneficiaries have a right to recover under a contractual indemnity clause. In view of the fact that Plaintiffs have failed to show that the indemnity clause has any application to the present situation, we need not address these statutory construction arguments.

### III. Conclusion

As a result, for the reasons set forth above, we conclude that the trial court did not err by granting summary judgment in favor of United Mechanical. Thus, the court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges BRYANT and ELMORE concur.